**UNITED STATES of America, Plaintiff,**

v.

**James A. KELLY, Jr., Defendant.**

**No. CR 80–316–T.**

United States District Court,
D. Massachusetts.

Sept. 9, 1982.

---

MEMORANDUM

TAURO, District Judge.

In a July 26, 1982 opinion denying defendant Kelly's motion to dismiss on grounds of prosecutorial misconduct, this court determined that former Assistant U.S. Attorney Lloyd Macdonald "was either ignorant of, or chose to ignore, the clear mandates of his legal and ethical responsi-

bilities."[1] The matter of Macdonald's conduct was referred to the Massachusetts Board of Bar Overseers "to assess the need for disciplinary proceedings"[2] against Macdonald.

Yesterday, September 8, 1982, the Board of Bar Overseers filed its response to this court's inquiry and recommended that no disciplinary proceedings be initiated against Macdonald.[3] The essential basis for the Board's recommendation was its determination that Macdonald did not "intentional-ly"[4] violate his legal and ethical responsibilities in his prosecution of the defendant Kelly.

The court makes no comment concerning the Board's findings, conclusions of law or procedures. The court, however, does agree with the Board's general approach of giving Macdonald the benefit of the doubt and, therefore, accepts its recommendation that no further disciplinary proceedings be initiated against Macdonald.[5]

APPENDIX 1

# BOARD OF BAR OVERSEERS

*of the Supreme Judicial Court*

BOARD OF BAR OVERSEERS
JOHN G. BROOKS, *Chairman*
DIANE LUND, *Vice Chairman*
PHILIP C. BEALS
KARIN BLAKE
BEVERLY W. BOORSTEIN
CHARLES S. COHEN
HARRY T. DANIELS
JULIA KAUFMANN
GITTA M. KURLAT
HANS F. LOESER
CURTIS PROUT
CHARLES B. SWARTWOOD, III

ADMINISTRATOR
KAREN L. HARRIES

ELEVEN BEACON STREET
BOSTON, MASSACHUSETTS 02108

617/720–0700

September 8, 1982

Honorable Andrew A. Caffrey
  Chief Judge
United States District Court for the District of Massachusetts
United States Post Office & Court House
Boston, MA 02109

Re: The Matter of the Conduct of D. Lloyd Macdonald in
the Case of U.S. of America v. Kelly
Docket No. CR 80–316–T
BBO File No. B1–82–373K

1. *United States v. Kelly,* 543 F.Supp. 1303, 1311 (D.Mass.1982)

2. *Id.* at 1314

3. Appendix 1

4. Appendix 1, p. 4

5. Subsequent but relevant correspondence is attached as Appendix 2.

Dear Judge Caffrey:

This matter was referred to the Board of Bar Overseers by the United States District Court for the District of Massachusetts to assess the need for disciplinary proceedings against D. Lloyd Macdonald for prosecutorial misconduct. The Board has considered the matter in accordance with Rule 5(d)(5) and (9) of the Local Rules of the District Court, including examination of the transcripts of testimony, the pleadings and the trial judge's Memorandum of July 26, 1982. Offers to the trial judge and to Mr. Macdonald to present any further evidence were declined. Based on its investigation and review, the Board respectfully recommends to the Court, in accordance with Local Rule 5(d)(5)(B), that a formal disciplinary proceeding should not be initiated against Mr. Macdonald and that the matter be dismissed for the reason that in the opinion of the Board Mr. Macdonald did not violate the applicable rules of the Massachusetts Supreme Judicial Court (Rules 3:07 and 3:08), these rules being the standard for professional conduct adopted in Rule 5 of the District Court. Specifically—

1. The Board has concluded that Mr. Macdonald did not violate DR 7–102(A)(4) of Supreme Judicial Court Rule 3:07 or PF 12 of Supreme Judicial Court Rule 3:08 by knowingly presenting testimony of William Masiello which he believed was incorrect. The Board concludes that Mr. Macdonald believed that this testimony represented Masiello's best memory; and that the portion of that testimony believed to be incorrect was contradicted by other Government witnesses, was contrary to a statement by the prosecutor in his opening, and was—if anything—helpful to the defendant's case and harmful to the Government's case. Which testimony was in fact true—Masiello's or the witnesses' to the contrary—was a proper matter to be presented to the jury for its determination. *United States v. Winter,* 663 F.2d 1120, 1132–1135 (1st Cir. 1981); *United States v. Martorano,* 663 F.2d 1113, 1120 (1st Cir.1981); *United States v.*

*People of the State of Illinois,* 619 F.2d 668, 674–675 (7th Cir.), *cert. denied,* 449 U.S. 880 (1980).

2. The Board has concluded that Mr. Macdonald did not violate Supreme Judicial Court Rule 3:08, PF 7(b) (see also ABA Ethical Consideration 7–13) in that he did not intentionally avoid the pursuit of evidence from Audrey Rawson during his short telephone conference with her, because he believed that such evidence if pursued would damage his case or aid the accused. The Board finds nothing in the record to contradict Mr. Macdonald's testimony that he did not press for further details of what Mrs. Rawson did or did not tell Mr. Olsson, her lawyer, because in the circumstances of that telephone conversation he believed that there was no need nor duty to press for such information, and that it was more important to press for further information on the other subjects of the telephone conversation, to wit: whether she had told the truth when she testified to packaging the money for transmittal to Senator Kelly, whether her testimony had been based upon actual memory, whether she had told her lawyer that she had no such memory but had testified that way because she had been told by others that she must have packaged the money. While Mr. Macdonald might have learned something that would have helped the defense had he pressed Mrs. Rawson, the Board finds no evidence that this was his purpose in not pursuing it. The Rule labels as unprofessional conduct subject to discipline only conduct intentionally designed to conceal evidence which would aid the accused. See ABA *Standards Relating to the Prosecution Function and the Defense Function,* p. 102.

3. The Board has concluded that Mr. Macdonald did not violate Supreme Judicial Court Rule 3:07, DR 7–102(A)(3), or DR 7–103(B), or Supreme Judicial Court Rule 3:08, PF 7(a), in not disclosing to the Court or to the defense counsel that in his telephone conference with Audrey Rawson she indicated that she had testified to matters

that went beyond what she had told her lawyer.*

*First,* there is some question as to the meaning of the direct testimony of Mrs. Rawson, that is, whether she had in fact testified that she had told Mr. Olsson everything or simply that she had *wanted* to tell her lawyer everything. Her statement was not necessarily directly in conflict, and there is no evidence that Mr. Macdonald did consider or should have considered that any prior testimony of hers constituted perjury.

*Second,* the Board has concluded that a necessary element of the disciplinary offense is intent; that Mr. Macdonald did not intentionally fail to make the disclosure knowing that he should have made it; and that in the circumstances it was not unreasonable for him to believe that he had no such duty.

Respectfully submitted,
BOARD OF BAR OVERSEERS
OF THE MASSACHUSETTS
SUPREME JUDICIAL COURT
By/s/ John G. Brooks
John G. Brooks
Chairman

JGB/cps

## APPENDIX 2

### U.S. Department of Justice

[Seal]

*United States Attorney*
*District of Massachusetts*

*1107 J.W. McCormack Post Office and Courthouse*
*Boston, Massachusetts 02109*

October 27, 1982

BY HAND

Honorable Joseph L. Tauro
United States District Judge
1615 J. W. McCormack POCH
Boston, MA 02109

Re: United States v. Kelly

Dear Judge Tauro:

I note that the Court's opinion of July 26, 1982, concerning the Motion to Dismiss the case of *United States v. Kelly,* has been published in a recent volume of the West Publishing Company's Federal Supplement

*Note: Whether the conduct of a prosecutor should be subject to discipline is a matter that should be considered in the light of an inconsistency between Supreme Judicial Court Rule 3:08, PF 7(a) and Supreme Judicial Court Rule 3:07 DR 7–103(B), Rule 3:08 having been adopted substantially later than 3:07. Before its adoption by the American Bar Association PF 7(a) was changed from a rule identical to DR 7–103(B) to the form as it is in Supreme Judicial Court Rule 3:08, PF 7(a). In its Commentary, the drafters of the change state:

"The first sentence sets a more limited scope to the evidence which must be disclosed and the timing of disclosure and emphasizes culpability, because of the disciplinary sanction attached. The second sentence retains the higher standard of the original on both timing and scope, but not at the level where failure to comply would be unprofessional conduct." *Supplement to ABA Standards Relating to the Prosecution Function and the Defense Function,* p. 9.

The relevant difference here is that under PF 7(a) the prosecutor *must* disclose evidence "*supporting the innocence of the defendant,*" while he *should* disclose evidence "*which would tend to negate the guilt of the accused.*" The Board concludes that the statement in question by Audrey Rawson that she had testified to matters that went beyond what she had told her lawyer, while she otherwise confirmed the truth of her testimony, was not evidence "supporting the innocence of the defendant."

Advance Sheets, 543 F.Supp. 1303 (E.Mass. 1982). By that opinion the Court requested that the Board of Bar Overseers consider the conduct of former Assistant United States Attorney D. Lloyd Macdonald. The Board responded with a written report of September 8, 1982, to the Court, which the next day promptly issued a memorandum resolving the matter on the basis of the Board's report and recommendation. I assume that the memorandum of September 9, 1982, will also be published in order to provide a full reported history of the disposition of the matter. I believe that it is important to the future instructive value of this case that the published record be accurate and complete. I am, therefore, writing to request respectfully that when the memorandum of September 9, 1982, is submitted to West's for publication, the publisher be asked to include in the published report the Board's report, perhaps as an addendum or footnote to the September 9, 1982, memorandum.

As Local Rule 5(d)(5) is ambiguous as to the procedures when formal disciplinary procedures are not initiated, I am not certain of the proper process for raising this question. I am, therefore, furnishing a copy of this request to Chief Judge Caffrey and will be pleased to discuss it with either or both of you.

With best wishes,

> Sincerely yours,
> /s/ Mark L. Wolf
> MARK L. WOLF
> Acting United States Attorney

cc: Honorable Andrew A. Caffrey

United States District Court
Post Office and Courthouse Building
Boston, Massachusetts 02109

CHAMBERS OF
JOSEPH L. TAURO
JUDGE

October 28, 1982

Mark L. Wolf, Esquire
Acting United States Attorney
1107 J.W. McCormack
Post Office and Courthouse
Boston, Massachusetts 02109
Re: *United States v. Kelly*
Dear Mr. Wolf,

Your suggestion that my September 9, 1982 memorandum and the Board of Bar Overseer's September 8 report be published in West's is an excellent one. Both documents have been docketed since issued. We have received an extraordinary amount of comment concerning the Board's report, both from judges and lawyers. I have a feeling that the report will be frequently offered as a precedent at future Board hearings. It makes sense, therefore, to give the entire bar ready access to its complete text.

I make one further observation, this in response to your comment about "the future instructive value of this case." The issue of alleged prosecutorial misconduct was central to Kelly's motion to dismiss. I was not a complaining witness. My responsibility was to deal with the complaint of prosecutorial misconduct filed by Attorney George McLaughlin on behalf of his client. I did so in my July 26, 1982 opinion, after having held an evidentiary hearing in open court. My findings and conclusions stand as those of the United States District Court. As you know, District Court opinions are affirmed, modified or reversed only by the United States Court of Appeals. Neither party appealed.

My September 9, 1982 memorandum did not modify my prior findings and conclusions. It merely expressed a willingness to give Macdonald the benefit of the doubt

with respect to the necessity for future disciplinary action. I point out as well that, at the time my memorandum was issued, I was unaware that the Board had issued its report without affording either Attorney McLaughlin or his client an opportunity to be heard.

With best wishes,

Sincerely,

/s/ Joseph L. Tauro

cc: Chief Judge Caffrey
District Court Judges
Justices of the Supreme
Judicial Court
Board of Bar Overseers
Docket